# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **LEONARD JOSEPH LUCOTCH, JR.,** | : | Bankruptcy No. 05-34154-MBM |
| | : | |
| Debtor. | : | |
| | : | |
| **Jesse Neil and Carmella Neil,** | : | |
| **his wife,** | : | |
| Plaintiffs, | : | **Chapter 7** |
| | : | |
| v. | : | |
| | : | **Adversary No. 06-2175-MBM** |
| **Leonard Joseph Lucotch, Jr.,** | : | |
| Defendant. | : | |

## MEMORANDUM

**AND NOW,** this **5th day** of **June, 2006**, upon consideration of

(a) the adversary complaint filed by Jesse and Carmella Neil (hereafter collectively "the Neils" or, respectively, "Mr. Neil" or "Mrs. Neil"), wherein the Neils seek a determination that their unliquidated and disputed claim against Leonard Lucotch, Jr., the above-captioned debtor (hereafter "the Debtor"), is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which unliquidated and disputed claim is (i) presently being pursued by the Neils in the Pennsylvania Court of Common Pleas for Westmoreland County (hereafter "the Common Pleas Court) at No. 6915 of 1999, and (ii) also presently stayed by virtue of the Debtor's commencement of the instant bankruptcy case;

(b) the parties' dueling motions for summary judgment in the instant adversary proceeding;

(c) the Neils' complaint in the underlying action against the Debtor that is presently pending in the Common Pleas Court, wherein each of the Neils pleads one count – Mr. Neil pleads one count for assault, perhaps battery, negligence, carelessness, and recklessness, while Mrs. Neil pleads a count for deprivation of the attention, services, comfort, society, and consortium of her husband, Mr. Neil, as a result of those actions alleged to have been taken by the Debtor against Mr. Neil that comprise the basis for Mr. Neil's count against the Debtor; and

(d) the Neils' oral request for relief from stay so that they may pursue to judgment in the Common Pleas Court their underlying action against the Debtor;

and subsequent to notice and a hearing on the dueling summary judgment motions held on May 31, 2006,

it is **hereby determined that the Court, for the reasons briefly set forth below, shall issue an order that**

**(a)   denies without prejudice each of the summary judgment motions,**

**(b)   grants stay relief to the Neils so that they can pursue to judgment in the Common Pleas Court their underlying action against the Debtor, but only to the limited extent that (i) Mr. Neil pursues, with respect to his count therein, a recovery for assault and/or battery, and (ii) Mrs. Neil pursues, with respect to her count therein, a recovery based upon assault and/or battery suffered by Mr. Neil, and**

**(c)   defers resolution of the instant adversary proceeding, that is that defers resolution of the issue of whether the Neils' unliquidated and disputed claim against the Debtor is nondischargeable, until after the conclusion of the Neils' pending action against the Debtor in the Common Pleas Court**.

**I.**

The hallmark argument by the Debtor in support of his summary judgment motion is that (a) Mr. Neil predicates his underlying cause of action against the Debtor, that is his one count in the underlying Common Pleas Court action, upon acts alleged to have been committed by the Debtor, which acts the Debtor asserts Mr. Neil characterizes in his underlying state court complaint as only negligent, careless, and/or reckless, (b) injury suffered by another as a result of negligent, careless, and/or reckless acts committed by a debtor, as a matter of law, cannot constitute "willful and malicious injury" such that a debt for such injury may be excepted from discharge pursuant to § 523(a)(6), and (c) Mr. Neil's underlying cause of action, and thus Mrs. Neil's as well, accordingly may not be excepted from discharge pursuant to § 523(a)(6).

The Court must reject such argument by the Debtor and, thus, must also deny the Debtor's summary judgment motion, because (a) Mr. Neil, in his underlying state court complaint, contends that the alleged acts by the Debtor also constitute assault, (b) Mr. Neil, in such complaint, also frankly appears to have pled what might constitute the tort of battery as well, (c) the torts of assault

and battery each constitute intentional torts, (d) injury suffered by another as a result of an intentional tort committed by a debtor constitutes, as a matter of law, an injury that is both willful and potentially malicious such that a debt for such injury may potentially be excepted from discharge pursuant to § 523(a)(6), *see* In re Slomnicki, 243 B.R. 644, 649 n.2 (Bankr.W.D.Pa. 2000) (discussing the U.S. Supreme Court and Eighth Circuit decisions in Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (U.S. 1998), *aff'g* 113 F.3d 848 (8th Cir. 1997), and pointing out that in such case the Supreme Court affirmed the Eighth Circuit, which latter court expressly held that judgment debts predicated upon an intentional tort may be nondischargeable under § 523(a)(6)), and (e) Mr. Neil's underlying cause of action, and thus Mrs. Neil's as well, accordingly may potentially be excepted from discharge pursuant to § 523(a)(6).

The most that the Court can presently do in favor of the Debtor vis-a-vis the Neils' § 523(a)(6) action is to hold that the Neils' underlying causes of action are discharged to the extent that they are predicated upon negligence, carelessness, and/or recklessness theories for relief. However, and once again, the Court cannot presently hold that the Neils' § 523(a)(6) action fails to the extent that the Neils' underlying causes of action are predicated upon an intentional tort – i.e., assault and/or battery – theory for relief. Therefore, the Court must deny the Debtor's motion for summary judgment.

**II.**

As for the Neils' summary judgment motion, the Court determines that the most prudent course of action at this time is to deny such motion. The Court

determines as much notwithstanding the Court's conclusion that, if Mr. Neil is successful in proving that the Debtor assaulted and/or battered him, then the Neils' underlying causes of action will necessarily be nondischargeable under § 523(a)(6).

The Court determines that a denial of the Neils' summary judgment motion is the most prudent course of action to take at this time for several reasons. First, the Debtor vigorously and genuinely disputes the assertion that he assaulted and/or battered Mr. Neil, and the Court itself, without the benefit of a trial, cannot possibly ascertain at this time whether the Debtor committed such assault and/or battery. Second, the Court does not wish to simply rule at this time that any future judgment that the Neils might obtain in the Common Pleas Court is nondischargeable under § 523(a)(6) provided that such judgment is for, or is based upon, assault and/or battery because, by doing so, the Court relinquishes control over the process of reviewing for nondischargeability any future judgment that might be obtained by the Neils. For instance, even if the Court were to presently rule that a future judgment obtained by the Neils based upon assault and/or battery is nondischargeable under § 523(a)(6), the potential nevertheless remains for the Neils, albeit perhaps inadvertently, to then subsequently obtain a judgment based not entirely upon assault and/or battery but rather, at least in part, for negligence, carelessness, and/or recklessness by the Debtor given that such theories for relief were also pled by the Neils in their underlying state court complaint; with respect to such a judgment, the Court would not wish to cede control over the determination as to whether the same is

entirely or is only partially nondischargeable pursuant to § 523(a)(6). Therefore, the Court will deny the instant summary judgment motion brought by the Neils.

Although the Court denies the Neils' summary judgment motion, the Court finds that stay relief is warranted, and thus the Court shall grant to the Neils stay relief, so that they may pursue to judgment in the Common Pleas Court their underlying action against the Debtor, but only to the limited extent that (i) Mr. Neil pursues, with respect to his count therein, a recovery for assault and/or battery, and (ii) Mrs. Neil pursues, with respect to her count therein, a recovery based upon assault and/or battery suffered by Mr. Neil. At the same time, the Court will defer resolution of the instant adversary proceeding, that is the Court will defer resolution of the issue of whether the Neils' unliquidated and disputed claim against the Debtor is nondischargeable, until after the conclusion of the Neils' pending action against the Debtor in the Common Pleas Court.

To complete the analysis, the Court now sets forth the rationale for its conclusion that, if Mr. Neil were to succeed in obtaining a judgment in the Common Pleas Court for assault and/or battery, then such judgment, as well as one for Mrs. Neil on her count to the extent that the same is predicated upon such assault and/or battery, would necessarily be nondischargeable under § 523(a)(6). As an initial matter, and as the Court has already held in Part I. above, injury suffered by another as a result of an intentional tort committed by a debtor (such as an assault or battery) constitutes, as a matter of law, an injury that is willful within the meaning of § 523(a)(6). Therefore, any judgment obtained by Mr. Neil for an intentional tort committed by the Debtor would, by

virtue of collateral estoppel, constitute a debt for an injury that, within the meaning of § 523(a)(6), was willfully caused by the Debtor. An injury is malicious within the meaning of § 523(a)(6) if "'the tortious act of a debtor which resulted in said injury ... was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.'" Slomnicki, 243 B.R. at 649. If the Debtor were to succeed in proving in the Common Pleas Court that he acted with just cause or excuse, and that such actions were not wrongful (in which event malice under § 523(a)(6) would be lacking), then such justification would constitute a complete defense to Mr. Neil's action for assault and/or battery, in which event the Neils would not then even obtain a judgment against the Debtor which could be declared nondischargeable. However, if Mr. Neil were to succeed in obtaining a judgment for assault and/or battery, then that would necessarily mean that the Common Pleas Court had determined that the Debtor did not have a defense to such claim for assault and/or battery, which, in turn, would necessarily mean that (a) his actions were both wrongful and without just cause or excuse, and (b) such judgment would, by virtue of collateral estoppel, constitute a debt for an injury that, within the meaning of § 523(a)(6), was maliciously caused by the Debtor. Therefore, if Mr. Neil were to succeed in obtaining a judgment for assault and/or battery, then such judgment would, by virtue of collateral estoppel, constitute a debt for willful and malicious injury by the Debtor to Mr. Neil, which debt would be nondischargeable pursuant to § 523(a)(6). Of course, if Mrs. Neil were to also obtain a judgment in her favor on her count as a result of a finding by the Common Pleas Court that Mr. Neil was

assaulted and/or battered, then such judgment in her favor would, by virtue of collateral estoppel, also constitute a debt for willful and malicious injury by the Debtor to another entity, namely Mr. Neil, which debt would be nondischargeable pursuant to § 523(a)(6).

## III.

For all of the foregoing reasons, the Court shall issue the order described at the outset of the instant Memorandum.

**BY THE COURT**

**  /s/  **
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

**DATED:**     **June 5, 2006**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **LEONARD JOSEPH LUCOTCH, JR.,** | : | Bankruptcy No. 05-34154-MBM |
| | : | |
| Debtor. | : | |
| ................................................................. | : | .................................................................................. |
| **Jesse Neil and Carmella Neil,** | : | |
| his wife, | : | |
| Plaintiffs, | : | **Chapter 7** |
| | : | |
| v. | : | |
| | : | **Adversary No. 06-2175-MBM** |
| **Leonard Joseph Lucotch, Jr.,** | : | |
| Defendant. | : | |

### ORDER OF COURT

**AND NOW,** this **5th day** of **June, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a)     the summary judgment motions of each of the above-named parties are **DENIED WITHOUT PREJUDICE**,

(b)     the plaintiffs – i.e., Jesse and Carmella Neil – are **GRANTED STAY RELIEF** so that they can pursue to judgment in the Pennsylvania Court of Common Pleas for Westmoreland County their underlying action against the Debtor, but only to the limited extent that (i) Mr. Neil pursues, with respect to his count therein, a recovery for assault and/or battery, and (ii) Mrs. Neil pursues, with respect to her count therein, a recovery based upon assault and/or battery suffered by Mr. Neil, and

(c)     the instant adversary proceeding is **CONTINUED** until after the conclusion

of the Neils' pending action against the Debtor in the Common Pleas Court.

**BY THE COURT**

       **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

cm:   Terence O'Halloran, Esq.
       Mary E. Baloh, Esq.

(To be served by case administrator)